UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

STEELE GRANTE,

        **Plaintiff,**

v.

BANK OF AMERICA NATIONAL
ASSOCIATION,
        **Defendant.**

                                /

CASE NO.:

FILED BY MEE D.C.

JUL 08 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## COMPLAINT AGAINST BANK OF AMERICA NATIONAL ASSOCIATION

The Plaintiff, **STEELE GRANTE**, (hereinafter Plaintiff), *pro se*, brings this lawsuit against Defendant, **BANK OF AMERICA NATIONAL ASSOCIATION**, (hereinafter referred to as BOA) and states:

1. This is an action for damages which exceeds the amount of twenty thousand dollars ($20,000.00), exclusive of interest, costs and attorney's fees.

2. At all times material hereto, the Plaintiff is and was a resident of Palm Beach County, Florida.

3. At all times material hereto, Defendant, BOA is licensed in Florida and with its primary place of business in Charlotte, North Carolina.

4. 28 U.S.C. § 1331 states that District Courts shall have "original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States."

5. 11th Circuit has made clear that a Federal court has Federal Jurisdiction over a FCRA claim pursuant to 28 U.S.C. § 1331. *See Lockard v. Equifax, Inc., 163 F. 3d 1259 (11th Cir. 1998)*

1

6. The Plaintiff's complaint seeks recovery under the following Federal Regulations as well as Breach of Contractual Liability regulated under the Federal Jurisdiction:

   A. Fair Debt Collection Practices Act, FDCPA 15 U.S.C. §1692k

   B. Truth in Lending Act (TILA), 15 U.S.C. 1601-1667.

7. This court may properly exercise supplemental jurisdiction to hear any state law claims in the Plaintiff's Complaint because it forms a part of the same controversy under Article III of the United States Constitution. 28 U.S.C. § 1331, 1367, and 1441 (a) and (c); see also *Reed v. Heil Co.*, 206 F.3d 1055, 1058 (11th Cir. 2000) ("[Federal courts can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original federal jurisdiction.'")

8. Wherefore jurisdiction and venue are properly before this Honorable Court.

## FACTUAL BACKGROUND

9. Beginning on or about August 1, 2017, the Plaintiff suffered a complete identity theft and multiple account takeovers, one of which was the account with BOA.

10. Subsequently, unauthorized, fraudulent charges were made on the Visa Credit Card Account number 4003902016762888 issued by the Defendant, BOA.

11. This account number was the newly issued account number that BOA created after fraudulent transactions were previously discovered on the original Visa Card.

12. Fraudulent charges to this account were made on several occasions between November 2017 and May 2018.

13. Payments to the account were also being made fraudulently online from the plaintiffs attached bank accounts with BOA, allowing the criminal perpetrators to reuse the account for more fraudulent charges.

14. On or about September 20, 2018, plaintiff noticed lower than normal balances and missing funds from several personal and business bank accounts and traced several payments back to multiple credit cards held by the Plaintiff.

15. Multiple, unauthorized, fraudulent charges were discovered by the Plaintiff on his BOA Visa Credit Card account. The amount of the fraudulent charges identified at that time was $24,354.59 (a copy is attached as Exhibit "A").

16. Plaintiff immediately contacted Defendant, BOA, and was told that his account would immediately be credited for the fraudulent charges, and that the matter would be investigated further through their Fraud Department until resolution.

17. Additionally, Plaintiff was told he needed to file a police report with the appropriate State and Federal Law Enforcement authorities.

18. On October 12, 2018, Plaintiff filed a police report with the Boca Raton Police Department and spoke with Officer J. Cortez (2211, CSO) (A686) who, subsequently collected additional information for the report (a copy is attached as Exhibit "B"). Several, subsequent addendums to the original report have been filed since then as more fraudulent activity was discovered on several accounts.

19. Plaintiff was also told to file a complaint with the Federal Trade Commission (FTC). This was completed on November 14, 2018 (a copy is attached as Exhibit "C").

20. Through verbal and written communication with all the three major Credit Bureaus, Experian, Equifax and Trans Union, Plaintiff discovered that **ALL of his Personal Information was public and available for sale on the underground internet, including the online logins to many of his accounts.**

21. Federal and State Law Enforcement Agencies, the Federal Trade Commission, the Boca Raton Police Department and all three major credit bureaus, Equifax, TransUnion and Experian, all thoroughly cross-referenced all the fraudulent activity and unanimously ***verified and confirmed the Identity Theft between them.***

## COUNT I, CIVIL THEFT

22. Plaintiff reaffirms and realleges paragraphs 1-21 as though fully set forth herein.

23. This is an action for civil theft pursuant to Fla. Stat. §772.11.

24. Defendant has obtained and/or used **$30,654.97** of Plaintiff's money without Plaintiff's permission.

25. Defendant did unlawfully and knowingly use or endeavor to use Plaintiff's money and did knowingly deprive or endeavor to deprive Plaintiff of its money with the intent to temporarily or permanently deprive Plaintiff of its right to the money and benefit thereof, all for defendant's own use, or the use of any person not entitled thereto, in violation of Florida Statute §812.014.

26. Fla. Stat. §812.014 provides, (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: deprive the other person of a right to the property or a benefit from the property.

27. Pursuant to Florida Statute §772.11, Plaintiff made a final written statutory demand for its property. A copy of the statutory demand sent to defendant, BOA, including the Fedex Label and Delivery Confirmation of receipt by BOA is attached hereto as composite Exhibit "D."

28. To date, and despite demand by Plaintiff, defendant has failed to return Plaintiff's property.

29. As a direct and proximate cause of defendant's unlawful actions, Plaintiff was and continues to be deprived of its right to its property and the benefit therefrom and has suffered damages in the minimum amount of **$30,654.97.**

30. Pursuant to Florida Statute §772.11, Plaintiff is entitled to treble damages in the minimum amount of **$91,964.91** for the theft of its money committed by defendant.

31. As a direct result of defendants depriving Plaintiff of its right to possess and enjoy its money and the benefit therefrom, and defendants' continuing failure and refusal to return Plaintiff's property, Plaintiff may be required to retain counsel and is obligated to pay his counsel a fee.

32. Plaintiff is entitled to an award of attorneys' fees pursuant to Fla. Stat. §772.11.

**WHEREFORE,** Plaintiff, **STEELE GRANTE**, respectfully requests this Court to enter a Judgment against the Defendant, BOA, for damages suffered, treble damages pursuant to Florida Statute §772.11, costs of this litigation, attorney's fees, interest and any other relief this Court deems appropriate, and demands trial by jury.

## COUNT II, BREACH OF CONTRACT

33. Plaintiff reaffirms and realleges paragraphs 1-32 above as though fully set forth herein.

34. The Card Holder Agreement between BOA and Plaintiff is a valid contract between both parties. It specifically provides the cardholder a "Zero Liability Guarantee" against any unauthorized charges.

35. The online guarantees and FAQ about the Credit Card account, which the Plaintiff held with BOA, also clearly specify a ZERO LIABILITY GUARANTEE for fraudulent, unauthorized charges as well an IRON CLAD GUARANTEE to secure access to the account holder's online account and personal information. (see attached as Exhibit "E").

36. The Card Holder Agreement Between the Plaintiff and Defendant clearly outlines how claims must be filed.

37. Plaintiff adhered to the agreement in filing the claim with the defendant, BOA.

38. Copies of the various agreements and guarantees as well as the "ZERO LIABILITY GUARANTEE" for fraudulent and unauthorized transactions and the personal information Security Agreements that BOA provides its cardholders are attached as a composite Exhibit "F".

39. As a result of BOA's failure to honor the contract with the Plaintiff, the Plaintiff has lost $24,354.59.

**WHEREFORE,** Plaintiff, **STEELE GRANTE**, respectfully requests this Court to enter a Judgment against the Defendant, BOA, for damages suffered, costs of this litigation, attorney's fees, interest and any other relief this Court deems appropriate, and demands trial by jury.

## COUNT III, NEGLIGENCE

40. Plaintiff reaffirms and realleges paragraphs 1-39 above as though fully set forth herein.

41. Despite having received copies of the Verified Identity Theft reports from State and Federal Law Enforcement Authorities stated above, the Defendant, BOA, refused to

complete a thorough investigation and verify the fraudulent charges or credit the charges back to Plaintiff's account.

42. Defendant, BOA, failed in its duty to manage the account securely and properly and/or authenticate any charges being placed onto the account, which facilitated the imposter('s) identity theft and account takeover. See *TRW Inc. v. Andrews, 534 U.S. 19 (2001)*.

43. Defendant, BOA, failed in its duty provide adequate security on Plaintiff's credit card account and failed to properly authenticate all transactions that were made to the account which lead to Plaintiff suffering monetary damage.

44. Defendant, BOA, breached its fiduciary responsibility to protect its customer accounts by allowing a third party to gain fraudulent access to Plaintiff's BOA Visa Credit Card account.

45. Defendant BOA failed to provide any notice to the Plaintiff of unusual or suspicious activity thus resulting in a breach of the bank's security measures, failing to prevent the fraudulent transactions.

46. Defendant BOANA failed to provide sufficient security measures and/or implement proper controls required by Federal and State laws and fell short of the "reasonable security" standard and duty of care.

47. Plaintiff had the right to rely on BOA to investigate losses due to identity theft and fraudulent electronic funds transfers.

48. As a result of BOA's negligence, the Plaintiff has a monetary loss of $24,354.59.

49. Defendant, BOA's, refusal to remedy its erroneous actions damaged Plaintiff's credibility and subsequent ability to obtain loans or additional credit and caused him to suffer mental and emotional distress, and financial injury.

**WHEREFORE**, Plaintiff, **STEELE GRANTE**, respectfully requests this Court to enter a Judgment against the Defendant, BOA, for damages suffered, mental and emotional distress, costs of this litigation, attorney's fees, interest, and any other relief this Court deems appropriate, and demands trial by jury.

## COUNT IV, VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681

50. Plaintiff reaffirms and realleges paragraphs 1-49 above as though fully set forth herein.

51. Defendant, BOA, persists in Illegal Collection Activities against Plaintiff, which are SPECIFICALLY PROHIBITED BY THE FCRA and which have continued on a daily basis.

52. Plaintiff receives At least 4 phone calls, several texts and many emails on a daily basis which are harassing, deceptive and abusive and have caused Plaintiff to suffer extensive mental and emotional distress.

53. Defendant, BOA's, illegal collection activities are ongoing, causing Plaintiff extended harms.

54. In violation of The Fair Credit Reporting Act, 15 U.S.C. § 1681, Defendant, BOA, continued to illegally report the confirmed fraudulent activity with all three credit bureaus, Experian, Equifax and TransUnion.

55. Plaintiff contacted the Federal Trade Commission ("FTC") and their Enforcement Agency, the Consumer Financial Protection Bureau ("CFPB") who immediately blocked the confirmed and verified fraudulent accounts from being reported further by the Credit Bureaus.

56. It is Defendant, BOA's, duty, as a furnisher of information to the credit bureaus, to provide accurate information to the three Credit Reporting Agencies, as well as BOA's duty to conduct an investigation and correct reporting errors. See 15 U.S.C. §§ 1681s-2(a), (b).

57. On March 5th, 2020, 18 Months after the Fraudulent transactions were reported to BOA, Defendant, BOA, made deductions from personal and business accounts held by the Plaintiff at BOA in the amount of $6,300.38. Defendant committed this action while knowing that the charges where part of a large identity theft and multiple account takeovers that had been reported to BOA 18 months earlier. This action caused reversals on pending charges in the Plaintiff's accounts as well as additional extreme emotional distress.

58. Defendant's aforementioned conduct violated the FDCPA.

**WHEREFORE**, Plaintiff, **STEELE GRANTE**, respectfully requests this Court to enter a Judgment against the Defendant, BOA, for damages suffered, costs of this litigation, attorney's fees, interest, and any other relief this Court deems appropriate, and demands trial by jury.

### COUNT V, VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. 1601-1667

59. Plaintiff reaffirms and realleges paragraphs 1-58 as though fully set forth herein.

60. The Truth in Lending Act (TILA), 15 U.S.C. 1601-1667, was created with the purpose of protecting consumers from responsibility for unauthorized charges, as well as many other protections for credit card account holders.

61. The Fraudulent Transactions on Plaintiff's account were not authorized by the Plaintiff.

62. Upon learning of the Fraudulent Transactions, Plaintiff immediately notified BOA of the disputed charges.

63. BOA acknowledged receiving a valid dispute of the charges on Plaintiff's account; however, a formal investigation into the fraudulent charges was never concluded.

64. By acknowledging and accepting Plaintiff's dispute of the Fraudulent Transactions, issuing a credit for those charges, and opening a formal investigation of the

formally disputed charges, BOA completely waived any applicable time limitation that may apply to Plaintiff in raising a claim or disputing the charges.

65. It is overwhelmingly in the interest of public policy to allow Plaintiff to raise this count as it is unconscionable to hold Plaintiff responsible for unauthorized, fraudulent transactions that were disputed in a timely manner upon discovery of the fraudulent charges.

66. Plaintiff suffered damages by not being reimbursed for the Fraudulent Transactions.

**WHEREFORE,** Plaintiff, **STEELE GRANTE**, respectfully requests this Court to enter a Judgment against the Defendant, BOA, for damages suffered, costs of this litigation, attorney's fees, interest, and any other relief this Court deems appropriate, and demands trial by jury.

Respectfully Submitted,

*[signature]*

**Steele Grante**
1515 N. Federal Highway, #300
Boca Raton, FL 33422
(561) 210-4200
sg@omnimail.biz